# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRAVIS VANDERHOEF,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | **NO. 24-5848** |
| **v.** | : | |
| | : | |
| **TARA GASSENMEYER,** *et al.*, | : | |
| *Defendants.* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                        MARCH 23, 2026

## MEMORANDUM OPINION

**INTRODUCTION**

Before this Court is non-party Chester County District Attorney's, ("Chester County DAO"), motion requesting under Federal Rule of Civil Procedure ("Rule") 26(c), that Travis Vanderhoef, ("Plaintiff"), be required to file under seal, documents he intends to include in support of his anticipated motion to compel.  (ECF 34).  Relying on Rule 26(c), Chester County DAO argues that these documents should be sealed for good cause because they contain information that Chester County DAO is prohibited from disclosing under Pennsylvania's Criminal History Record Information Act.  In response, Plaintiff argues, *inter alia*, that the documents he intends to file need not be sealed because Chester County DAO, as the proponent of the protective order, has not met the *Pansy* factors and particularly, has failed to identify a particularized injury and/or a substantial public interest which outweighs Chester County DAO's interest in sealing the documents.  (ECF 35).

The issue of whether to disclose or to seal certain documents has been fully briefed and is ripe for disposition.  Based on an *in-camera* review of the documents Plaintiff intends to file and the unredacted versions of those documents, and for the reasons set forth herein, Chester County DAO's motion is granted, *in part*, and denied, *in part*.

**BACKGROUND**

To address the motion to seal, a summary of the relevant facts is warranted:

Plaintiff filed this civil action against State Troopers Tara Gassenmeyer and Ryan Waters, (collectively, "Defendants"), both employees of the Pennsylvania State Police, (the "PSP"), assigned to Troop J in Chester County, Pennsylvania. (ECF 1). In the complaint, Plaintiff alleges, *inter alia*, that Defendants violated his constitutional Fourth Amendment rights on December 17, 2023, when Defendants stopped and removed him from his vehicle, asked him to perform sobriety tests without a legitimate reason, forced him to the ground, and assaulted him. (*Id.*). Defendants deny these allegations and, further, assert immunity for both the federal and state law claims against them. (ECF 8).

During the course of the ensuing discovery, Plaintiff served a subpoena on non-party Chester County DAO. (ECF 18 at Ex. A). Chester County DAO moved to quash Plaintiff's subpoena. (ECF 18). By Order dated June 5, 2025, this Court granted, *in part*, the motion to quash and, further, required the parties to create a mutually-agreeable confidentiality agreement. (*See* ECF 24).

On October 17, 2025, this Court approved the stipulation for a protective order, (the "Protective Order"), submitted by Plaintiff, Defendants, and non-parties Chester County DAO and the PSP. (ECF 33). Relevant here, Paragraph 10 of the stipulated Protective Order provides:

> In the event counsel seeks to make reference to, or include or attach, any of the confidential documents produced pursuant to this Agreement in any papers filed with the Court, counsel shall advise counsel for defendants/producer(s) at least 14 days in advance of the filing so that the producer may seek an Order sealing the disputed material.

(*Id.* at pp. 5-6).

Thereafter, in response to discovery requests, Chester County DAO produced redacted records designated as confidential accompanied with a privilege log identifying the basis for the redactions. (ECF 35 at p. 2). On November 4, 2025, Plaintiff informed Chester County DAO that he would be filing a motion to compel the production of unredacted copies of the redacted documents designated by Chester County DAO as confidential. (ECF 34 at pp. 5-7; ECF 35 at pp. 2-3). In the motion to compel, Plaintiff challenges Chester County DAO designating portions of the redacted confidential documents as privileged "work product." (ECF 35 at pp. 3-5).

On November 18, 2025, Chester County DAO filed a motion to seal those redacted documents pursuant to Rule 26(c) and requested an order directing

Plaintiff to file under seal certain document he intends to file with the motion to compel. (ECF 34 at p. 1). Plaintiff filed a response in opposition. (ECF 35).

In order to conduct a document-by-document review, this Court ordered Plaintiff to submit the subject documents and the motion to compel directly to this Court for an *in-camera* review. (ECF 36). Plaintiff submitted the documents on and identified five specific documents that he intends to file with his motion to compel. On February 26, 2026, this Court directed Chester County DAO to submit the unredacted copies of these documents for an *in-camera* review, (ECF 44), which was received on March 5, 2026.

**LEGAL STANDARD**

Federal Rule of Civil Procedure, ("Rule"), 26 governs discovery proceedings and disclosure. The United States Court of Appeals for the Third Circuit ("Third Circuit") "appl[ies] three distinct standards when considering various challenges to the confidentiality of documents[:]"*to wit*: (1) "the factors articulated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783-92 (3d Cir. 1994)[;]" (2) "the more rigorous common law right of access when discovery materials are filed as court documents[;]" and (3) "the First Amendment right of public access attaches to, *inter alia*, civil trials." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 670 (3d Cir. 2019).

Normally, the common law right of access applies "when discovery materials are filed as court documents." *Id.* "The [common law] right of access includes the right to attend court proceedings and to 'inspect and copy public records and documents, including judicial records and documents.'" *Id.* at 672 (quoting *Goldstein v. Forbes* (*In re Cendant Corp.*), 260 F.3d 183, 192 (3d Cir. 2001)). However, "the common law of presumptive access to documents filed in court does not extend to material filed with discovery motions[.]" *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164-65 (3d Cir. 1993). Instead, the Rule 26(c) good-cause standard is the appropriate standard to determine whether materials filed with discovery motions should be

3

sealed.  *See, e.g., Dobson v. Milton Hershey Sch.*, 434 F. Supp. 3d 224, 234 (M.D. Pa. 2020) (utilizing "the Rule 26 good-cause standard and the *Pansy* factors" to determine whether to unseal documents that were submitted with discovery motions); *Doe A.F. v. Lyft, Inc.*, Civ. Action No. CV 23-3990-KSM, 2024 WL 4466675, at *3 (E.D. Pa. Oct. 9, 2024) (utilizing the Rule 26 good-cause standard to determine whether to seal documents filed with, and in opposition to, a motion to compel).  Because the Rule 26(c) good cause standard is the only applicable standard here, this Court need not, and will not, address the common law right of access nor the First Amendment right of public access.

In determining whether good cause exists to justify a protective order, a court considers a non-exhaustive list of factors commonly referred to as the *Pansy* factors*; to wit*: (1) "[W]hether disclosure will violate any privacy interests"; (2) "whether the information is being sought for a legitimate purpose or for an improper purpose"; (3) "whether disclosure of the information will cause a party embarrassment"; (4) "whether confidentiality is being sought over information important to public health and safety"; (5) "whether the sharing of information among litigants will promote fairness and efficiency"; (6) "whether a party benefitting from the order of confidentiality is a public entity or official"; and (7) "whether the case involves issues important to the public." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787-91).

Rule 26(c) "permits the District Court to enter a protective order to shield a party 'from annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Avandia*, 924 F.3d at 670-71 (quoting Fed. R. Civ. P. 26(c)(1)); *see also Midwest Ath. & Sports All., LLC v. Ricoh USA, Inc.*, 332 F.R.D. 159, 160 (E.D. Pa. 2019).  The Third Circuit has directed that:

> The proponent of the protective order shoulders "[t]he burden of justifying the confidentiality of each and every document sought to be" sealed. [*Pansy v. Borough*

4

*of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994)]. The District Court "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Id.* at 787. The party seeking a protective order "over discovery material must demonstrate that 'good cause' exists for the order." *Id.* at 786 (quoting Fed. R. Civ. P. 26(c)); *see also Seattle Times Co.*, 467 U.S. at 37 (holding that the good cause requirement for protective orders does not violate the First Amendment). Good cause means "that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy*, 23 F.3d at 786 (quoting [*Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)]). To that end, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Id.* (internal quotation marks omitted).

*In re Avandia*, 924 F.3d at 671.

Chester County DAO argues that it is bound by the provisions of the Criminal History Record Information Act, (the "CHRIA"). Specifically, the CHRIA regulates the dissemination of specific types of information by certain criminal justice agencies. 18 Pa. Cons. Stat. §§ 9101-9183. The "CHRIA was enacted by the [Pennsylvania] General Assembly in 1980 to 'control the collection, maintenance, dissemination or receipt of criminal history record information.'" *Mezzacappa v. Northampton Cnty.*, 334 A.3d 268, 270 n.1 (Pa. 2025) (quoting *King v. Bureau of Prof'l & Occupational Affairs, State Bd. of Barber Examiners*, 195 A.3d 315, 329 (Pa. Cmwlth. 2018)). "[A] primary purpose of [the] CHRIA is protecting an individual's right to privacy." *Id.* at 283. Relevant here is Section 9121(b) of the CHRIA, which provides that, "[o]ther criminal justice agencies may disseminate criminal history record information to any individual or noncriminal justice agency only as they deem necessary to carry out their law enforcement functions as otherwise allowed by [the CHRIA]." 18 Pa. Cons. Stat. § 9121(b). "Criminal justice agencies" include, *inter alia*, "district or prosecuting attorneys" such as Chester County DAO. 18 Pa. Cons. Stat. § 9102. The CHRIA defines "criminal history record information" as: "Information collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of

5

arrests, indictments, informations or other formal criminal charges and any dispositions arising therefrom." *Id.*

**DISCUSSION**

In its motion, Chester County DAO argues that good cause exists to direct Plaintiff to file the documents that will accompany his motion to compel under seal because:

> disclosure would violate the CHRIA and reveal protected [criminal history record information] and investigative information. Avoidance of the CHRIA violations is a compelling reason to seal. That is because the [Chester County] DAO is subject to non-discretionary statutory confidentiality obligations that prevent it from making these materials public. The requested sealing order is narrowly tailored to protect only the information CHRIA forbids the [Chester County] DAO to disclose.

(ECF 34-1 at p. 6); *see also* 18 Pa.C.S.A. § 9121(b) (barring disclosure of criminal history record information by criminal justice agencies in certain circumstances); 18 Pa.C.S.A. § 9106(c)(4) (same for investigative material). Chester County DAO contends that each of the said documents contains either "criminal history record information," "investigative information," or both,[1] which are deemed confidential under the CHRIA. (*Id.* at pp. 5-6); *see also* 18 Pa.C.S.A. § 9102 (defining "criminal history record information" and "investigative information").

In response, Plaintiff argues that "[t]here is a substantial public interest in public access to information regarding the conduct of public servants alleged to have repeatedly abused their power and authority." (ECF 35 at p. 6). Plaintiff also argues that "[t]here is no basis to conclude, and

---

[1]    This Court recognizes that Chester County DAO did not have the benefit of reviewing Plaintiff's anticipated filings prior to the actual filing of the motion to seal. Rather, Chester County DAO's motion to file under seal was in response to a letter Plaintiff sent on November 5, 2025, (ECF 34-1 at p. 1) wherein ("Plaintiff has indicated an intent to file [Chester County] DAO records in support of a forthcoming Motion to Compel referenced in Plaintiff's counsel's November 4, 2025 letter to DAO's counsel . . . ."). Plaintiff's letter did not provide Chester County DAO with the documents he intended to file, but instead provided a descriptive list of materials plaintiff "intend[ed] to include, attach and[/]or refer to materials designated as confidential in a Motion [t]o Compel the [Chester County DAO] to produce particular materials . . . ." (ECF 34 at p. 5-9, Ex. A).

the [Chester County] DAO does not argue, that [disclosure of] the proposed [e]xhibits and intended discussions will cause any identifiable injury whatsoever." (*Id.* at p. 7).  Finally, Plaintiff argues that "[t]here is no threat to the privacy interest of any non-party here because all of the non-parties identified have been the subject of publicly filed and litigated criminal charges." (*Id.* at p. 6, n.5).

As noted, the CHRIA considers the following documents 'privileged' and non-disclosable: "criminal history record information," which is defined as,  "[i]nformation collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of arrests, indictments, informations, or other formal criminal charges and any dispositions arising therefrom." *Id.*   As such, this Court will address each document at issue.

### Exhibit 1: May 23, 2024 Email Correspondence (1a-3a)

The document submitted for an *in-camera* review paginated as 1a-3a is an unredacted email thread between a Pennsylvania State Police (PSP) lieutenant and a Chester County employee which contains summaries and opinions on the disposition of certain state criminal cases as well as personal information regarding the defendants in those cases, including mental health history and prior criminal acts.  As such, this Court finds that these defendants' privacy rights are implicated by the CHRIA, and as such their rights would be violated by the public disclosure of this document.  Thus, good cause exists to require that the document paginated as 1a-3a to be filed under seal.

### Exhibit 2: April 30, 2024 Email Correspondence (4a-8a)

The document submitted for an *in-camera* review paginated as 4a-8a is an email thread between and among Chester County DAO personnel.  In the documents that Plaintiff intends to file, the contents of these emails are completely redacted.  Based on the subject line of the email

thread and the *in-camera* review of the unredacted documents, this thread pertains to communication/correspondence between Chester County personnel regarding Plaintiff's request for discovery in his criminal case. Nothing in these documents could be construed as being subject to the CHRIA. Because the document is redacted, no privacy interest is implicated. Further, no work-product appears to be involved. Thus, the *Pansy* factors weigh in favor of denying Chester County DAO's motion seal to seal 4a-8a.

### Exhibit 3: June 21, 2024 Email Correspondence (9a; 12a-13a)

The document submitted for an *in-camera* review paginated as 9a and 12a-13a is an email thread between Chester County personnel. In this documents, the contents of these emails are completely redacted. Based on the subject line of this email thread and the *in-camera* review of the unredacted documents, the thread pertains to correspondence between Chester County personnel regarding a subpoena filed by Plaintiff. Nothing in these documents could be construed as being subject to the CHRIA. Because the document is redacted, no privacy interest is implicated. Thus, the *Pansy* factors weigh in favor of denying Chester County DAO's motion seal to seal 9a and 12a-13a.

### Exhibit 4: June 3, 2024 Email Correspondence (10a-11a)

The document submitted for an *in-camera* review paginated as 10a-11a is an email thread between Chester County personnel. Upon review of the unredacted document, it likely contains information that would implicate the privacy rights under the CHRIA. However, while the emails may be subject to CHRIA, the content of the emails that Plaintiff intends to file with his motion to compel are completely redacted. Because the document is redacted, no privacy interest is implicated. Thus, the *Pansy* factors weigh in favor of denying Chester County DAO's motion seal to seal 10a-11a.

8

**Exhibit 5: May 8, 2024 Email Correspondence (14a-15a)**

The document submitted for an *in-camera* review paginated as 14a-15a is an email thread between Chester County personnel and a Chester County DAO assistant district attorney.  In the documents that Plaintiff intends to file, the contents of these emails are completely redacted.  Based on the subject line of the email thread and the *in-camera* review of the unredacted documents, the thread pertains to correspondence regarding an order to suppress evidence in a criminal case other than Plaintiff's.  Nothing in these documents could be construed as being subject to the CHRIA.  Because the document is redacted, no privacy interest is implicated.  Thus, the *Pansy* factors weigh in favor of denying Chester County DAO's motion seal to seal 9a and 12a-13a.

**Exhibit 6: Order Suppressing Evidence (16a-18a)**

The document submitted for an *in-camera* review paginated as 16a-18a is an Order entered by the Chester County, Pennsylvania Court of Common Pleas suppressing evidence in a case other than Plaintiff's criminal case.  This is an unredacted court document which is publicly available and, thus, not subject to the CHRIA.  Under the circumstances, this Court finds that there are no privacy interests that would be violated by the disclosure of this Order and such disclosure of information would not cause Chester County DAO embarrassment.  Thus, the *Pansy* factors weigh in favor of denying Chester County DAO's motion to seal 16a-18a.

**Exhibit 7: April 25, 2024 Email Correspondence (19a-20a)**

The document submitted for an *in-camera* review paginated as 19a-20a is an email thread between Chester County personnel and a Chester County DAO assistant district attorney.  Based on a review of the unredacted documents, this Court finds that the document contains "criminal history record information" related to a criminal case not related to Plaintiff and, thus, would the CHRIA, the content of the emails that Plaintiff intends to file with his motion to compel are

9

completely redacted.  Because the document is redacted, no privacy interest is implicated.  Thus, the *Pansy* factors weigh in favor of denying Chester County DAO's motion seal to seal 19a-20a.

**CONCLUSION**

For the reasons set forth, Chester County DAO's Rule 26(c) motion requesting Plaintiff to file under seal materials he intends to file in support of his anticipated motion to compel is granted, *in part,* specifically in referenced to the document paginated by Plaintiff as 1a to 3a.  Because the privacy interests established in the CHRIA are implicated by the public dissemination of the document paginated by Plaintiff as 1a to 3a, Plaintiff is required to file those documents under seal.  Chester County DAO's motion is denied in all other respects including it requests that Plaintiff file under seal the documents paginated by Plaintiff as 4a-20a because no privacy interests are implicated in these documents.  An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.